**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BILLY WAYNE STEWART, SR.                                                PETITIONER
ADC #104406

v.                                              5:15CV00158-DPM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.     INTRODUCTION

There remains one outstanding issue in Mr. Stewart's Petition for Writ of Habeas Corpus. (See Doc. No. 28.)  At sentencing, the jury heard the prosecutor argue and the trial court instruct that Mr. Stewart would only serve seventy percent of any sentence they would give him.  (Doc. No. 16 at 505 and 518.)  Upon entering the ADC, Mr. Stewart learned, based on his criminal history, he would be required to serve one hundred percent of his sentence.  And Mr. Stewart believes the inaccurate argument and instruction caused the jury to give him a harsher sentence.  Mr. Stewart's counsel failed to catch this error during the trial, so the question remains as to whether or not counsel was constitutionally ineffective.

Respondent reiterates her argument that the ineffective assistance of counsel claim is procedurally defaulted or meritless.  (Doc. No. 30.)  But Mr. Stewart tried raising this argument through a Rule 37 motion[1] and appeal (Doc. No. 15-11 at 26), but the state courts never ruled on this

---

[1]In his closing argument at the Rule 37 hearing, Mr. Stewart attempted to raise the issue, but the trial court judge interjected because "that [was] not grounds for Rule 37 . . ." (Doc. No. 11 at 232.)

argument.  So neither Mr. Stewart nor the State of Arkansas have had the opportunity to adjudicate the constitutionality of this claim.   Therefore, I find a merits review of Mr. Stewart's ineffective assistance claim - on this point - is necessary.

## II.   ANALYSIS

In *Strickland v. Washington*, the United States Supreme Court established a two-element test for analyzing ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668 at 687 (1984).

Under the two-prong *Strickland* test, the benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Furthermore, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.  Virtually every act or omission of counsel would meet that test . . ." *Id.* at 693 (citations omitted).  "Courts also consider 'whether the result of the proceeding was fundamentally unfair or unreliable.'" *White v. U.S.*, 341 F.3d 673, 677 (8th Cir. 2003) (quoting *Lockart v. Fretwell*, 506 U.S. 364, 369 (1993)).

For incorrect jury instructions, the question for a habeas court is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

Under the *Strickland* analysis, the petitioner has the "burden of showing that the decision reached would reasonably likely have been different absent the errors." *Strickland,* 466 U.S. at 696.

Mr. Stewart's claim is troubling.  But the burden is on Mr. Stewart to prove the requisite prejudice.  This he has failed to do.

From a common sense standpoint it seems Mr. Stewart *could have been* prejudiced.  But he offers no evidence to support his position.  He states that because the jury instruction was erroneous, "that this alone is prejudice to [Stewart]." (Doc. No. 31.)  However, "prejudice cannot be presumed . . ." *White*, 341 F.3d at 678.  And, on these facts, the only way to find in Mr. Stewart's favor is to "presume" the jury gave him a harsher sentence because they were given erroneous information.

The jury found Stewart guilty and sentenced him to seventy years' imprisonment. In his closing, defense counsel argued to the jury the possibility that Mr. Stewart may never be eligible for parole.  He told the jury to "take into account how old [Stewart] is." (Doc. No. 3 at 524.)  The prosecutor argued in her closing that Mr. Stewart should receive a life sentence.  Considering the totality of the evidence,[2] Mr. Stewart has not proved that Mr. Fraiser's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

Additionally, I "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland,* 466 U.S. at 690. Here, counsel's error cannot be found unreasonable at the time of the conduct.  All parties to the case, including the judge, believed that Mr. Stewart would be eligible for parole after serving seventy percent of his sentence.

---

[2]". . . [A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695.

So, after carefully considering the entire record, I cannot say Mr. Fraiser's failure to object - although unquestionably an error - rises to level of constitutional ineffective assistance of counsel. Therefore, I recommend Mr. Stewart's remaining claim of ineffective assistance of counsel be dismissed.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that the remaining claim in the Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED, and the requested relief be DENIED.

DATED this 12th day of April 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE