IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BILLY WAYNE STEWART, SR.
ADC #104406                                                                    PETITIONER

v.                              No. 5:15-cv-158-DPM

WENDY KELLEY, Director,
Arkansas Department of Correction                                RESPONDENT

## ORDER

1. Stewart was forty-seven years old when he was convicted of rape. The facts left no doubt on guilt. Stewart's victim had the mind of a six-year-old. She gave birth to his child. Stewart's only defense was consent.

The only substantial issue raised on *habeas* is ineffective assistance of trial counsel at the sentencing phase. Everyone involved—defense counsel, the prosecutor, and the trial court—handled the sentencing as if Stewart would be eligible for parole after serving seventy percent of his sentence. The State argued for life imprisonment, but fell back to explaining the seventy percent result if a term of years was imposed. № *16-1 at 518, 525*. Stewart's lawyer sought some period less than life and also discussed parole eligibility. № *16-1 at 523–24*. The trial court gave an agreed instruction that echoed the error, saying Stewart would be parole eligible. № *16-1 at 515*.

He's not. Some years before, Stewart had been convicted of first degree battery under Arkansas Code Annotated § 5-13-201. This violent felony eliminated his parole eligibility. ARK. CODE ANN. § 16-93-609. This conviction, along with six others, came into evidence during the sentencing phase of Stewart's rape trial. The jury rejected the prosecutor's argument for a life sentence and settled on seventy years. Under the court's mistaken instruction and counsel's mistaken arguments, that sentence meant parole eligibility when Stewart is ninety-six. The truth is, he'll never be eligible.

2. The State's procedural bar argument fails. Stewart tried to raise this issue in his state post-conviction proceeding. He was *pro se* at that point. The trial court rejected his argument out of hand. № 16-2 at 88, 232, 258–59. In any event, *Martinez v. Ryan*, 566 U.S. 1, 13–15 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013), open the merits in these circumstances on a substantial claim like Stewart's.

3. Trial counsel's work was constitutionally defective. Arkansas's parole eligibility statutes are clear and settled law. ARK. CODE ANN. §§ 16-93-609(b)(2) & 5-4-501(d)(2)(A)(vi). The material fact—the prior battery first conviction—was obvious and in the case. That Stewart's lawyer was joined

in the error by the prosecutor and the trial court doesn't change the conclusion. The Sixth Amendment puts the duty of reasonable competence on defense counsel. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). We all make mistakes all the time, of course. But some mistakes by trial counsel have constitutional consequences.

4. The deep issue is prejudice. It's close. The State makes a strong argument that the jury's sentence, though clouded by legal error, was actually and effectively a life sentence. Few of us will reach ninety-six. So we should tolerate the error, the State continues, because it didn't make any real difference. Stewart counters — through appointed counsel, whose work the Court appreciates — that he's carried his burden and shown enough to get a new sentencing trial.

*Strickland*, as everyone recognizes, provides the governing law. Stewart "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

As the State hammers home, the Supreme Court rejected a *possible-effect* standard as too loose. "It is not enough for [Stewart] to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test[.]" 466 U.S. at 693. That standard would pay insufficient respect to the need for finality, as well as insufficient attention to lawyers' human imperfections.

But the Court likewise rejected the *outcome-determinative* rule that some Courts of Appeal had adopted. "[Stewart] need not show that counsel's deficient conduct more likely than not altered the outcome of the case." 466 U.S. at 693. Though it has many strengths, that stricter standard would give insufficient weight to one of the chief guarantors of the fair administration of justice: constitutionally effective work by counsel. "The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." 466 U.S. at 694. Thus the middle way charted by the Court: a reasonable probability—a probability sufficient to undermine confidence—that, but for counsel's errors, Stewart's sentence would have been different.

Stewart hasn't carried his burden. The jury heard the troubling facts of this case: Stewart was a family friend. He knew his victim functioned on a first-grade or second-grade level. Nonetheless, when her parents took Stewart in, he had sex with their daughter; and she spent the next eight months unaware that she was carrying Stewart's child. After hearing these facts, the jury gave Stewart a sentence it believed would keep him in prison until he's ninety-six.

If the jury had heard a correct parole-eligibility instruction, it's *possible* they would have given Stewart a shorter sentence. But in light of the bad facts, Stewart's age, and the lengthy sentence imposed, it's just that—a possibility. The system malfunctioned in his case, but not to a degree that undermines confidence in the result. This is a close case; but Stewart hasn't quite cleared the prejudice bar.

5. Recommendation, № 33, adopted as modified. Stewart's petition for a writ of *habeas corpus* is denied and will be dismissed with prejudice. The Court grants Stewart a certificate of appealability on one issue: did trial counsel's defective performance about parole eligibility prejudice Stewart.

28 U.S.C. § 2253(c). The Court relieves Blake Byrd as Stewart's counsel with thanks.

So Ordered.

*signature*

D.P. Marshall Jr.
United States District Judge

10 February 2017